**MINCEY FITZPATRICK ROSS LLC**
Riley H. Ross III, Esquire, VA Attorney I.D.#44498
Attorney and Counselor at Law
1650 Market Street
Suite 3600
Philadelphia, PA 19103
Telephone: 215 - 587 - 0006
Telefax: 215 - 587 – 0628

FILED
AUG 18 2021
JOHN T. FREY
Clerk of the Circuit Court
of Fairfax County, VA

## COMMONWEALTH OF VIRGINIA

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

(Civil Division)

| | |
|---|---|
| Jordan Jefferson<br>Fort Washington, MD<br><br>v.<br><br>U.S. Xpress, Inc<br>4402 SW 44th<br>Oklahoma, OK 73119<br>and<br>Cameron Jeffers<br>1716 Ansley St.<br>Kingsport, TN 37660 | 2021-12411<br><br>NO. |

### CIVIL ACTION COMPLAINT

1. Plaintiff, Jordan Jefferson, is an adult individual who resides in Fort Washington, Maryland hereinafter referred to as "Plaintiff."

2. Defendant, U.S. Xpress, Inc., is a domestic corporation, which at all times relevant hereto engaged in business in the County of Fairfax, Commonwealth of Virginia with offices maintained in 4402 SW 44th, Oklahoma, OK 73119 ("hereinafter referred to as "U.S. Xpress").

3. Defendant, Cameron Jeffers is an adult individual residing at the property located at 1716 Ansley Street, Kingsport, TN 37660, hereinafter referred to as "Defendant Jeffers". On the day of the accident, Defendant Jeffers was operating a tractor trailer in the course and scope of his business with Defendant, U.S. Xpress.

4. Venue is proper according to Va. Code Ann. § 8.01-261, where the cause of action arose.

5. At all times relevant hereto, Defendant U.S. Xpress, by and through its agents, servants, workmen and/or employees, including Defendant Jeffers, acting in the course of his employment and within the scope of his authority with the said Defendant and in furtherance of said Defendant's business, owned operated, maintained, service, controlled, supervised, and possessed the tractor trailer involved in the accident hereinafter described.

6. At all times relevant hereto, Defendant U.S. Xpress was and is in the business of tracking and/or transporting goods.

7. At all times relative hereto, Defendant U.S. Xpress has engaged in a practice of placing corporate profits over public safety to transport products as quickly as possible, putting the safety of motorist second to the financial interests of said Defendants.

8. At all times relevant hereto, Defendant U.S. Xpress enforced a policy which recklessly disregarded the interests of motorists on the roadway by pressuring that its trucks and drivers deliver products as quickly as possible in reckless disregard of the safety of motorists on the roadway.

9. On October 31, 2019, at approximately 6:50 p.m., Plaintiff was lawfully operating his vehicle while traveling south on Interstate 495 near Braddock Road in Alexandria, Virginia, when the 18-Wheeler operated in a careless, recklessness and negligent manner by Defendant Jeffers struck Plaintiff's vehicle from behind while Plaintiff's vehicle was stopped in traffic.

10. Defendant Jeffers' failure to safely operate the subject 18-Wheeler Tractor Trailor by driving at an excessive speed or in a reckless manner was the direct cause of the injuries suffered by Plaintiff.

11. By reason of the aforesaid carelessness, recklessness and negligence of the Defendants U.S. Xpress and Jeffers as hereafter alleged, the Plaintiff suffered severe, permanent and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of his body, as well as, severe emotional truama, any and all of which may be permanent and all of which caused him great physical pain and mental anguish, with respect to the following, including but not limited to: neck and back, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

12. As a further result of this accident, Plaintiff has been obliged to received and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries suffered and to incur various expenses for said treatment and services.

13. As a further result of this accident, Plaintiff has been obliged to received and undergo reasonable and necessary medical treatment and rehabilitative services for injuries he suffered, and to incur various expenses for said treatment, and he may incur various reasonable and necessary future medical expenses from the injuries sustained, all to his great detriment and loss.

## COUNT ONE: NEGLIGENCE
### JORDAN JEFFERSON V. CAMERON JEFFERS AND U.S. XPRESS, INC.

14. Plaintiff incorporates by reference and makes part hereof the preceding paragraphs of this Complaint as though fully set forth at length.

15. The carelessness, negligence and recklessness of Defendants Jeffers and U.S. Xpress, individually, jointly and/or severally, consisted of the following:

    a. Hiring inexperienced drivers;

    b. Failing to properly maintain said vehicle, including but not limited, to the 18-Wheeler's safety, drive and brake systems;

    c. Failing to properly perform pre-trip and post-trip inspection of said 18-Wheeler, including but not limited to inspection of the vehicle's safety, drive and brake systems;

    d. Failing to properly train Defendant Jeffers in performance of safety inspections, and the operation and use of said 18-Wheeler;

    e. Failing to properly supervise Defendant Jeffers;

    f. Placing corporate profits over public safety resulting in vehicles being operated on the roadway which were unsafe;

    g. Acting recklessly by placing corporate profits over public safety by creating an environment and enforcing its policy for its products to be delivered as fast as possible in reckless disregard of the safety of motorists;

    h. Acting with reckless disregard to the interests of individuals on the highway by placing corporate profits over public safety by enforcing a policy that stressed speed of delivery, knowing that subject policy foreseeably creates reckless and outrageous conduct of its drivers resulting in car crashes;

    i. Acting recklessly by instilling a practice of rewarding drivers for speedy delivery rather than the safe operation of the 18-Wheeler;

    j. Acting recklessly by instilling a practice where driver fatigue resulted from the practice of rewarding drivers for speedy delivery;

    k. Operating said 18-Wheeler at a high and excessive rate of speed under the circumstances;

    l. Failing to have said 18-Wheeler under proper and adequate control at the time of the accident;

    m. Failing to keep a safe clear distance;

    n. Failing to apply the brakes in time to avoid the collision;

    o. Operating said 18-Wheeler in a reckless manner without due regard for the rights and safety of those lawfully upon the highway, one of whom was the Plaintiff;

    p. Failing to give proper and sufficient warning of the approach of said vehicle.;

    q. Otherwise failing to exercise due and proper care under the circumstances;

    r. Failure to pay attention while operating said 18-Wheeler; and

    s. Driving in a reckless manner, in violation of §46-2-852.

16. Due to the negligence, recklessness and carelessness as state above, Defendant Jeffers, increased the risk of harm to Plaintiff, thereby causing the injuries and damages as set forth above.

17. As a result of the negligence of Defendants, Plaintiff suffered severe, permanent and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of his body, as well as, severe emotions upset, any and all of which may be permanent and all of which caused him great physical pain and mental anguish, with respect to the following, including but not limited to: neck and back, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

18. As a further result of his injuries, Plaintiff has or may sustain permanent diminution in his ability to enjoy life's pleasures.

19. As a further result of the injuries sustained Plaintiff may have suffered actual loss of income as defined in Virginia Statutory Law.

20. As a further result of the aforementioned accident, Plaintiff has suffered severe physical pain, aches, mental anguish, humiliation, inconveniences and loss of life's pleasures, and may continue to suffer same for an infinitive time in the future.

21. As a direct result, Plaintiff has been unable to attend to his daily chores, duties, and occupation and may be unable to do so for an indefinite period of time.

## COUNT TWO: WILLFUL AND WANTON MISCONDUCT
## JORDAN JEFFERSON V. CAMERON JEFFERS AND U.S. XPRESS, INC.

22. Plaintiff incorporates by reference and makes part hereof the preceding paragraphs of this Complaint as though fully set forth at length.

23. <u>Defendants' actions were so willful and wanton as to show a conscious disregard for the rights of other drivers, including Plaintiff.</u>

24. <u>Plaintiff is entitled to punitive damages.</u>

### DEMAND FOR JURY TRIAL

25. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff Jordan Jefferson demands damages of Defendants, U.S. Xpress, Inc. and Cameron Jeffers, in a sum in excess of $75,000.00, plus interest, costs counsel fees, punitive damages and any other further relief it may deem just and proper.

Respectfully submitted,

**MINCEY FITZPATRICK ROSS LLC**

/s/ Riley H. Ross III
Riley H. Ross III, Esquire
VA Attorney I.D.#4498
1650 Market Street, Suite 3600
Philadelphia, PA 19103
riley@minceyfitzross.com
(215) 587-0006 (office)
(215) 587-0628 (fax)
*Attorney for Plaintiff*